NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA GADSDEN,<br><br>            Plaintiff,<br><br>v.<br><br>NEW JERSEY EDUCATION<br>ASSOCIATION,<br><br>            Defendant. | Civil Action No.: 07-4861 (JLL)<br><br><br><br><br>**O P I N I O N** |

**APPEARANCES:**

Sandra Gadsden
P.O. Box 16628
Jersey City, NJ 07306
       Plaintiff, pro se

**LINARES**, **District Judge:**

Plaintiff pro se, Sandra Gadsden, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on her affidavit of indigence, the Court (1) grants Plaintiff's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a). Having reviewed Plaintiff's allegations, however, the Court will dismiss the Complaint without prejudice to the filing of an amended complaint.

## BACKGROUND

Plaintiff filed a Complaint that was received by the Court on October 5, 2007. The Complaint alleges that the New Jersey Education Association (1) failed to inform her of her rights

Page 1 of  4

and/or misrepresented her rights regarding her right to appeal, (2) "made no effort to find out when and where I was suppose [sic] to return to work until I wrote a letter on 6/6/06, (3) provided her with incorrect salary and unpaid medical bills, and (4) provided "inconsistent involvement with my contract." (Compl., ¶ 9). Aside from these allegations, Plaintiff presents no additional facts in support of her claim(s).

## LEGAL STANDARD

### A.    Standard for a § 1915(e)(2)(B) Dismissal

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, a pro se Complaint may be dismissed for failure to state a claim only if the allegations set forth by the plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief. See Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981); see also Erickson v. Pardus, 2007 U.S. LEXIS 6814, at *8 (June 4, 2007) (plaintiff's "statement need only 'give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests'") (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (quoting, in turn, Conley v. Gibson, 355 U.S. 41 (1957)).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment of same. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) (stating that unless amendment would be futile, district court may not dismiss complaint without permitting amendment).

## ANALYSIS

Plaintiff alleges that the discriminatory act at issue occurred on March 8, 2006. (Compl., ¶ 5). Plaintiff fails, however, to provide any factual basis, whatsoever, in support of her claim of discrimination. See Compl., ¶ 10. In particular, the Complaint does not address the basis of Defendant's alleged discriminatory conduct. See Compl., ¶ 10. Thus, the Court cannot ascertain the factual or legal basis of Plaintiff's claim(s). Such Complaint violates the requirements of Federal Rule of Civil Procedure Rule 8(a), which requires that the Complaint set forth (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief."

Without a short and plain statement of the basis of Plaintiff's claim(s), the Court cannot ascertain (1) whether there are any administrative prerequisites to Plaintiff's claim(s), (2) whether Plaintiff has properly exhausted same, and (3) whether this Court, therefore, has jurisdiction to hear the instant cause of action. Moreover, Plaintiff's failure to adhere to Rule 8 pleading requirements prevents the Court from (a) screening the Complaint for the purpose of establishing whether Plaintiff's claims are subject to sua sponte dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2), and (b) fails to provide Defendant with adequate notice as to the substance of

Plaintiff's claim(s).

The Court, therefore, will dismiss Plaintiff's Complaint for failure to adhere to Rule 8 pleading requirements. However, the shortcomings of the Complaint do not foreclose the possibility that Plaintiff may be able to state a cognizable claim by filing an amended complaint. The dismissal of the Complaint will, therefore, be without prejudice to the filing of an amended complaint adhering to Rule 8 pleading requirements.[1]

## CONCLUSION

Given the foregoing, the Court dismisses Plaintiff's Complaint, without prejudice, for failure to comply with Rule 8. Nevertheless, the Court will allow Plaintiff to file an amended Complaint within thirty (30) days of entry of this Opinion and accompanying Order addressing the deficiencies set forth herein. If Plaintiff fails to amend her Complaint within thirty (30) days, her Complaint will be dismissed with prejudice.

An appropriate Order accompanies this Opinion.

Dated: October 12, 2007

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE

---

[1] Should Plaintiff choose to amend her Complaint, Plaintiff is advised that prior to the institution of any action under Title VII, a plaintiff must timely file his or her claim with the EEOC and receive a right to sue letter from the agency. 42 U.S.C. § 2000e-5. A timely charge of discrimination with the EEOC is not a jurisdictional prerequisite, but rather, a requirement comparable to a statute of limitations. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Anjelino v. The New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999). Accordingly, claims brought pursuant to Title VII can be dismissed for failure to exhaust such administrative remedies. Anjelino, 200 F.3d at 87-88; Knoll v. Springfield Twp. Sch. Dist., 699 F.2d 137, 145 (3d Cir. 1983), vacated on other grounds, 471 U.S. 288 (1985); Santiago v. City of Vineland, 107 F. Supp 2d 512, 528 (D.N.J. 2000). Here, Plaintiff does not indicate whether she filed a charge with the EEOC, nor does Plaintiff attach a copy of said charge to her Complaint.