**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| **CHAMBERS OF**<br>**JOSE L. LINARES**<br>JUDGE | **MARTIN LUTHER KING JR.**<br>**FEDERAL BUILDING & U.S. COURTHOUSE**<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

**NOT FOR PUBLICATION**

**LETTER OPINION**

December 4, 2007

<u>VIA ELECTRONIC FILING</u>

Sandra Gadsden
P.O. Box 16628
Jersey City, NJ 07306
    (<u>Pro se</u> Plaintiff)

    Re:    <u>Sandra Gadsden v. New Jersey Education Association, et al.</u>
             Civil Action: 07-4861 (JLL)

Dear Ms. Gadsden:

      This matter comes before the Court by way of your submission of a Complaint, and corresponding application to proceed <u>in forma pauperis</u>, pursuant to 28 U.S.C. § 1915(a). On October 12, 2007, this Court granted your application to proceed <u>in forma pauperis</u>, and dismissed your Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a). Pursuant to this Court's October 12, 2007 Order, you were provided with thirty (30) days in which to amend your Complaint. On November 15, 2007, you filed with the Court a submission entitled "Opinion." The Court will assume that your error in this regard was inadvertent and will nevertheless consider your November 15, 2007 submission as an Amended Complaint. For the reasons set forth below, the Court will dismiss your Amended Complaint without prejudice, and will afford you with one final opportunity in which to cure the deficiencies addressed herein.

**LEGAL STANDARD**

      After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint

1

and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

Thus, in reviewing Plaintiff's Complaint, "we accept his allegations as true, liberally construe them in light of his pro se status, and determine whether they provide notice of a legally-cognizable claim." Hairston v. Nash, No. 06-5219, 2007 WL 2390432, *1 (3d Cir. Aug. 23, 2007); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (plaintiff's "statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (quoting, in turn, Conley v. Gibson, 355 U.S. 41 (1957)). Finally, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment of same. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); see generally Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007).

## ANALYSIS

Having thoroughly reviewed Plaintiff's allegations, pursuant to the requirements of 28 U.S.C. § 1915(e)(2)(B), for the reasons that follow, the Court will dismiss Plaintiff's Amended Complaint without prejudice to the filing of a Second Amended Complaint. First, as a preliminary matter, it is unclear whether Plaintiff still seeks to bring her claim for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. In particular, the Court notes that while Plaintiff's original Complaint did set forth a Title VII claim of employment discrimination, the Amended Complaint makes no reference to employment discrimination and/or Title VII, nor does Plaintiff attach a copy of the original Complaint to her Amended Complaint. Nevertheless, because Plaintiff attaches a Notice of Right to Sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC") to her Amended Complaint, the Court will assume that Plaintiff wishes to re-assert an employment discrimination claim therein.

To the extent that Plaintiff does assert an employment discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, based on the following reasons, the Court finds that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. Although Plaintiff does not attach a copy of the charge she presumably submitted to the EEOC, Plaintiff does attach (to her Amended Complaint) a copy of her Right to Sue letter, dated June 19, 2007, wherein the EEOC (1) dismissed her charge, finding that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes"; and (2) notified Plaintiff of her right to file suit in federal or state court within 90 days of the date of the letter. Plaintiff's Right to Sue letter is dated June 19, 2007. Plaintiff's deadline for filing a timely lawsuit in federal court was, therefore, on September 17, 2007. Plaintiff commenced the instant cause of action on October 5, 2007. Thus, Plaintiff filed the original Complaint after the ninety-day period had expired. Plaintiff does not address – much less dispute – when she received her Right to Sue letter, nor does she deny that she failed to file the original Complaint in a timely fashion. Accordingly, Plaintiff's failure to commence this action within the ninety-day time period bars her Title VII claim of employment discrimination. See 28 U.S.C. §

1915(e)(2)(B).

To the extent that Plaintiff does not wish to assert an employment discrimination claim pursuant to Title VII in her Amended Complaint, the Court finds that Plaintiff's Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a). Federal Rule of Civil Procedure 8(a) mandates that Plaintiff's complaint set forth (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, and (2) a short and plain statement of the claim showing that Plaintiff is entitled to relief.  Plaintiff has done neither.  Instead, Plaintiff's Amended Complaint contains generalized gripes with a Union Representative by the name of Robert Cecchini.  In particular, the Amended Complaint alleges that, as Union Representative, Mr. Cecchini failed to assist Plaintiff in properly securing a leave of absence during her employment with the Jersey City Public School system. Plaintiff's allegations – that "Mr. Cecchini never told me to sign the leave of absent Document" and that "Mr. Cecchini said he would take care of everything" – are both vague and fail to provide Defendant(s) with proper notice as to the claim(s) it must defend against. See, e.g., Erickson, 127 S.Ct. at 2200 (explaining that the complaint "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'").  Moreover, notably absent from Plaintiff's Amended Complaint is a short statement of the grounds upon which this Court's jurisdiction rests.  Thus, Plaintiff's Amended Complaint runs afoul of Rule 8(a) because it is entirely unclear from the Amended Complaint (1) whether the Court has jurisdiction to hear this case and (2) what specific causes of action Plaintiff asserts against which Defendants.[1]

## CONCLUSION

The Court, therefore, will dismiss Plaintiff's Amended Complaint.  However, in consideration of Plaintiff's pro se status, the Court will provide Plaintiff with one final opportunity in which to cure the deficiencies in her Complaint.  Thus, Plaintiff may file a second amended complaint by **Friday, December 21, 2007.**

An appropriate Order accompanies this Letter Opinion.

                              Sincerely,

                              /s/ Jose L. Linares
                              JOSE L. LINARES
                              UNITED STATES DISTRICT JUDGE

---

[1] Such deficiencies prevent the Court from (a) screening the Amended Complaint for the purpose of establishing whether Plaintiff's claims are subject to sua sponte dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2).